UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| ANDRE K. HARRIS, | ) | CASE NO. C09-1041-JLR |
| Petitioner, | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

### INTRODUCTION AND SUMMARY CONCLUSION

Petitioner Andre K. Harris, proceeding pro se, submits a petition for writ of error *audita querela* under the All Writs Act, 28 U.S.C. § 1651. This petition has not been served on respondent. For the reasons described below, petitioner's writ should be denied and this case dismissed.

The All Writs Act provides that federal courts "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. 1651(A). *Audita querela*, and the other common law writs, may be used to collaterally attack criminal sentences in very narrow circumstances. *U.S. v. Morgan*, 346 U.S.

REPORT AND RECOMMENDATION
PAGE -1

01 | 502, 510-11 (1954); *U.S. v. Crowell*, 374 F.3d 790, 794-95, n. 3 (9th Cir. 2003). Such writs are

02 | now available "only to the extent that they fill 'gaps' in the current systems of post-conviction

03 | relief." *U.S. v. Valdez-Pacheco*, 237 F.3d 1077, 1079 (9th Cir. 2000). Federal prisoners may

04 | not employ the writ of *audita querela* to challenge a conviction or sentence when that challenge

05 | is cognizable as a 28 U.S.C. § 2255 motion because there is no "gap" to fill in post-conviction

06 | remedies. *Id.* at 1080. The prohibition on filing a second or successive § 2255 motion does

07 | not alter this fact. *Id.*

08 | Petitioner here seeks to challenge his 1997 conviction in the District of Nevada. (Dkt.

09 | 1.) The District of Nevada recently denied a petition for writ of error *audita querela* filed by

10 | petitioner. (*Id.* at 25-26.) The district court held that petitioner could not pursue his writ

11 | given the existence of a remedy through § 2255. The court noted that petitioner had, on

12 | numerous occasions, moved for relief pursuant to § 2255, and held that his petition for writ of

13 | error *audita querela* must be treated as a second or successive § 2255 petition for which he had

14 | not obtained certifications from the Ninth Circuit Court of Appeals.

15 | Petitioner's current petition is likewise subject to dismissal in this Court. A writ of

16 | error *audita querela* attacking a Nevada conviction must be pursued in the sentencing court.

17 | 28 U.S.C. § 1651(a) (courts "may issue all writs necessary or appropriate in aid of their

18 | respective jurisdictions . . . .") (emphasis added); *cf. United States v. Monreal*, 301 F.3d 1127,

19 | 1131 (9th Cir. 2002) (writ of error *coram nobis* attacking the Iowa conviction may only be

20 | brought in the sentencing court) (*citing Madigan v. Wells*, 224 F.2d 577, 578 n.2 (9th Cir. 1955)

21 | ("The writ can issue, if at all, only in aid of the jurisdiction of the . . . court in which the

22 | conviction was had.")) This Court, therefore, lacks jurisdiction to entertain the petition.

01       The Court may transfer a petition to cure a want of jurisdiction. 28 U.S.C. § 1631.
02 However, a transfer would be appropriate only "if it is in the interest of justice[.]" *Id.; accord*
03 *Cruz-Aguilera v. INS*, 245 F.3d 1070, 1074 (9th Cir. 2001). In this case, a transfer would not
04 be in the interest of justice given that the District of Nevada has already considered and
05 dismissed a writ of error *audita querela* filed by petitioner.
06       In sum, petitioner's petition for writ of error *audita querela* should be denied and this
07 case dismissed based on a lack of jurisdiction. A proposed order accompanies this Report and
08 Recommendation.
09       DATED this 13th day of August, 2009.

Mary Alice Theiler
United States Magistrate Judge